UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------------------x

JASHAE SMITH-BLUE

        Plaintiff,

COMPLAINT

C.A. No. 3:18-cv-210-J-20JRK

-against-

DIVERSIFIED CONSULTANTS, INC.

        Defendant.

---------------------------------------------------------------x

Plaintiff Jashae Smith-Blue ("Plaintiff"), by and through her attorneys, Zeig Law Firm, LLC, as and for her Complaint against Defendant Diversified Consultants, Inc. ("Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), as the defendant is located here and this is where a substantial part of the events or omissions giving rise to the claim occurred.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

1

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Rockdale, residing at 2123 Appaloosa Way, Conyers, GA 30012.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, FL 32256.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Specifically the Alleged Debt was a bill for telecommunications services with the original creditor of Comcast which services were used for personal and family purposes and, which is defined as a personal obligation and consumer debt under the FDCPA.

11. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

12. Defendant violated the FDCPA is that it did not report that Plaintiff had disputed the Alleged Debt.

13. As explained in *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir.2008) - "The relevance of the portion of § 1692e(8) on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, Defendant violated the FDCPA in that it omitted a piece of information that is always material, namely, that the consumer has disputed the Alleged Debt.

14. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed.

2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Id.* at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988))

15. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed. *See, e.g., Jacques v. Solomon & Solomon P. C.*, 2012 U.S. Dist. LEXIS 118092, \*\* 11 (D.Del.2012) (holding that the duty to report a debt under [Section 1692e(8) ]

arises if one elects to report credit information); *Edeh v. Aargon Collection Agency, LLC,* 2011 U.S. Dist. LEXIS 79160, *10-11 (D.Minn.2011) ( "[I]f a debt collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history"); *Benson v. Med-Rev Recoveries, Inc. (In re Benson),* 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010); *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y.2006) ("holding that a cause of action under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) (noting that if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8), and the debt collector knows that the debt is disputed by the consumer, then the debt collector must also report that debt as disputed).

16. Here, Defendant reported the Alleged Debt on the Plaintiff's credit report, after Defendant knew about Plaintiff's dispute.

17. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on December 20, 2016.

18. Plaintiff examined her credit report again on March 12, 2017, and found that Defendant had **re-reported** the credit account to the bureau(s) in March of 2017.

19. When Defendant **re-reported** the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so under U.S.C. § 1692e(8).

20. As a result of the failure to remove the trade line, or mark same as disputed, Plaintiff's credit score suffered and was significantly lowered, which has resulted in Plaintiff's

inability to obtain credit, less favorable interest rates and may have the result of hindering future employment opportunities.

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

24. As a result of the failure to remove the trade line, or mark same as disputed, Plaintiff's credit score suffered and was significantly lowered, which has resulted in Plaintiff's inability to obtain credit, less favorable interest rates and may have the result of hindering future employment opportunities.

25. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, constituted a violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

26. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jashae Smith-Blue demands judgment against Defendant Diversified Consultants, Inc. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: February 2, 2018

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Ph: (754) 217-3084
Fax: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff Jashae Smith-Blue*